Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6080 | **DATE** | 9/26/2001 |
| **CASE TITLE** | Whitten vs. ARS National Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for class certification [2-1] is granted as defined in the motion for class certification. Defendant's motion to dismiss [10-1] is denied. Plaintiff's motion to strike defendant's Rule 68 offer of judgment [7-1] is denied as moot. Status hearing is set for 10/18/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 2 7 2001 date docketed | 25 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 01 SEP 26 PM 5:11 | docketing deputy initials |
| DM courtroom deputy's initials | | 9/26/2001 date mailed notice | |
| | | MD mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MARILYN J. WHITTEN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ARS National Services, Inc., a California corporation,

    Defendant.

No. 00 C 6080

**DOCKETED**

SEP 2 7 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marilyn J. Whitten ("Whitten"), filed this putative class action against defendant ARS National Services, Inc. ("ARS"), alleging that defendant's initial debt collection letter violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). After plaintiff moved for class certification, defendant made an offer of judgment pursuant to Federal Rule of Civil Procedure 68. Plaintiff moved to strike defendant's offer of judgment, and defendant moved to dismiss plaintiff's class complaint. For the reasons set forth herein, the court grants plaintiff's motion for class certification, denies defendant's motion to dismiss, and denies as moot plaintiff's motion to strike.

## BACKGROUND

Plaintiff filed her class action on October 4, 2000 alleging the following facts: ARS is a California corporation that, through its Associated Recovery Systems Division, collects consumer debts in Illinois. On or about December 10, 1999, ARS sent Whitten, an Illinois

1

citizen, an initial form collection letter, demanding payment for a debt of $6,630.35 allegedly owed to Citibank. The letter contained the statutorily required notice advising Whitten of her right to dispute the validity of the debt, and further stated:

> Suitable dispute documentation could include the following:
> - A copy of the front and back of the processed payment
> - A final billing statement (with the original account number referenced) showing a zero balance
> - A dated letter from the original creditor advising the balance is zero
> - A letter from the original creditor or credit bureau agency stating the debt has been removed from their records
> - A letter from the original creditor stating the dispute was resolved in your favor
> - Legal document(s) providing a discharged bankruptcy

(Compl., Ex. A). Plaintiff alleges that the statement "suitable dispute documentation" followed by the attendant list could cause consumers to believe that they must have one of the six listed forms of documentation to dispute the debt when, in fact, consumers can dispute a debt without any documentation or without any reason at all. She contends that the letter is false, deceptive or misleading in violation of § 1692e of the FDCPA and renders ineffective the validation notice in violation of § 1692g of the FDCPA. Plaintiff requests a declaration that the collection letter violates the FDCPA and asks for statutory damages, costs and attorney's fees. On October 23, 1999, plaintiff moved for class certification, and approximately three weeks later, on November 15, defendant made a Rule 68 offer of judgment, allowing judgment to be taken against it on plaintiff's individual claim in the amount of $1,000, plus costs and reasonable attorneys' fees. Plaintiff moved to strike the Rule 68 offer of judgment and defendant subsequently filed a motion to dismiss on the ground that its Rule 68 offer mooted plaintiff's claim.

## DISCUSSION

### I. MOTION FOR CLASS CERTIFICATION

"The Federal Rules of Civil Procedure ("the Rules") provide the federal district courts with 'broad discretion' to determine whether certification of a class-action lawsuit is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). Under the Rules, a determination of class certification requires a two-step analysis. First, the named plaintiff must demonstrate that his action satisfies the four threshold requirements of Rule 23(a):

> (1) numerosity (the class must be so large 'that joinder of all members is impracticable'); (2) commonality (there must exist 'questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (the representative must be able to 'fairly and adequately protect the interests of the class').

*Id.* at 594; Fed. R. Civ. P. 23(a). Additionally, the action must "qualify under one of the three subsections of Rule 23(b)." *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). In this case, plaintiff seeks certification under subsection 23(b)(3). Rule 23(b)(3) provides that an action may be maintained as a class action if "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." When evaluating a motion for class certification, the court accepts as true the allegations made in support of certification, and does not examine the merits of the case. *Hardin*, 814 F. Supp. at 706 (citing, *inter alia*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78, 94 S. Ct. 2140, 2152-53, 40 L.Ed.2d 732 (1974)). The party seeking class certification bears the burden of showing that the requirements for class certification have been met. *Id.* (citing, *inter alia*, *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S. Ct.

2364, 2372, 72 L.Ed.2d 740 (1982)). Failure to establish any one of the requirements precludes class certification. *Retired Chicago Police Ass'n* v. *City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

Plaintiff asks the court to certify a class of "all persons in Illinois from whom ARS attempted to collect a consumer debt allegedly owed to Citibank, using collection letters identical or similar to the letter Plaintiff received, from October 4, 1999, to the present." (Mot. Class Cert., 2). As an initial matter, defendant argues that plaintiff's motion should be denied for failure to clearly define the class, citing different definitions of the class in plaintiff's class action complaint and interrogatories. In particular, defendant takes issue with the definition in the motion because it limits the class to persons who allegedly owe debts to Citibank (whereas the complaint and interrogatories were not creditor-specific),[1] and because it encompasses letters "similar" to plaintiff's (whereas the definition in the complaint encompassed only letters the "same" as plaintiff's). Defendant has cited no authority which prohibits a plaintiff from revising the class definition in a motion for class certification. In any event, defendant has indicated that it received the complaint about the same time that the motion for certification was filed and, therefore, defendant was on notice early on of the definition in the motion. Moreover, neither of these two changes to the definition render the class incapable of definition. Limiting the definition to persons who owe a debt to Citibank, makes the definition more, not less, ascertainable. Defendant appears primarily concerned, however, with the inclusion of "similar" letters, asserting that such a definition would include the letter found invalid in *Castro* v. *ARS*

---

[1] The complaint defines the class as "all persons similarly situated in Illinois from whom Defendant attempted to collect a consumer debt . . . via same form collection letter[.]" (Compl. ¶ 10). Plaintiff's First Set of Interrogatories requested information for "all persons in the State of Illinois to whom you sent letters identical or similar to" plaintiff's letter. (Def.'s Resp. to Mot. Class Cert., Ex. B at 2, ¶ 3).

4

*Nat'l Servs., Inc.*, No. 99 C 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000),[2] which did not contain the word "could" but merely stated "suitable dispute documentation includes the following" together with the same attendant list of six types of documentation. Defendant argues that the use of the word "could" in plaintiff's letter – "suitable dispute documentation *could* include the following" – which is absent in the *Castro* letter, is a crucial difference both to the ultimate issue of liability as well as to plaintiff's attempt to certify the class. However, defendant does not explain how this difference prevents the class from being ascertainable. A class that is defined by the contested practice of defendant is sufficiently ascertainable. *E.g.*, *Alliance to End Repression v. Rochford*, 565 F.2d 975, 978 (7th Cir. 1977). Here, the challenged practice, as articulated in plaintiff's complaint and motion, is an initial form collection letter containing the language "suitable dispute documentation" followed by a list of documentation. (*See* Compl. ¶ 8; Mot. Class Cert., 1). The court is satisfied that letters containing substantially the same language as that in plaintiff's letter provides sufficiently objective parameters to identify class members. Of course, the court may modify the class definition at any time before a final judgment on the merits, if the evidence or the legal principles governing this case establishes that the class definition is too broad. *See* Fed. R. Civ. P. 23(c)(1).

Defendant next contends that plaintiff has failed to meet all the prerequisites of Rule 23(a), specifically, the requirements of numerosity, adequacy of class representative, and superiority of the class action method of adjudication.

---

[2] Although *Castro* was brought as a class action, no class had been certified at the time the court ruled on plaintiff's motion for judgment on the pleadings.

A. Requirements of Rule 23(a)

1. Numerosity – Rule 23(a)(1)

To meet the numerosity requirement, the class must be so large "that joinder of all members is impracticable." *Keele*, 149 F.3d at 594; Fed. R. Civ. P. 23(a)(1). In order to establish numerosity, plaintiff need not specify the exact number of members of the proposed class, but a mere conclusory allegation that joinder is impractical or speculation as to the size of the class is insufficient. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Johnson v. Rohr-Ville Motors, Inc.*, 189 F.R.D. 363, 368 (N.D. Ill. 1999) (citing *Swanson v. American Consumer Indus., Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969)). The court is entitled to make "common-sense assumptions that support a finding of numerosity." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996); *see also Keele v. Wexler*, 1996 WL 124452, *3 (N.D. Ill. Mar. 19, 1996), *aff'd*, 149 F.3d 589 (7th Cir. 1998). Defendant argues that there is no evidence of numerosity in the record because, *inter alia*, plaintiff failed to ask the right questions in discovery. The court disagrees. In her interrogatories, plaintiff requested that defendant identify "all persons in the State of Illinois to whom [ARS] sent letters identical or similar to the letter" sent to plaintiff, *see* Def.'s Resp. to Mot. Class Cert., Ex. B at 2, ¶3, and defendant estimated that there were at least 16,000 persons who satisfy this request. (*See* Def.'s Resp. to Mot. Class Cert. at 4 n.3). Although plaintiff subsequently narrowed the definition of the class in the motion for class certification to persons who allegedly owe a debt to Citibank, which would require defendant to revise its estimate of 16,000 (plaintiff has propounded discovery for the exact figure), the narrower definition does not

6

negate a finding of numerosity. Plaintiff alleged that Citibank is one of the nation's largest creditors, *see* Mot. Class Cert. at 4, and given that approximately 16,000 copies of the same or similar letter were sent to persons in Illinois without limitation to the particular creditor, it is reasonable to assume that at least 40 of those were sent on behalf of Citibank. Therefore, the court finds that joinder is impracticable and the numerosity requirement is met.

    2.       Commonality – Rule 23(a)(2)

To meet the commonality requirement, "there must exist 'questions of law or fact common to the class.'" *Keele*, 149 F.3d at 594; Fed. R. Civ. P. 23(a)(2); *see also Tylka* v. *Gerber Prods. Co.*, 178 F.R.D. 493, 496 (N.D. Ill. 1998) (noting that if at least one question of law or fact is common to the class, then commonality is satisfied). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele*, 149 F.3d at 594 (quotation omitted). A common nucleus of operative fact exists where "defendants have engaged in standardized conduct towards members of the proposed class." *Id.* "[T]he commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes* v. *Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992). Plaintiff asserts the following two common issues to be resolved: (1) whether ARS's initial form collection letter violates the FDCPA; and (2) the appropriate relief to be awarded. Defendant does not dispute that commonality is satisfied, and the court finds that it is adequately met.

    3.       Typicality – Rule 23(a)(3)

To meet the typicality requirement, the named plaintiff's claims or defenses must be "typical . . . of the class." *Keele*, 149 F.3d at 594; Fed. R. Civ. P. 23(a)(3). The typicality requirement, although closely related to the commonality question, focuses on the class

representative. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele*, 149 F.3d at 595 (quotation omitted). "Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar*, 167 F.R.D. at 57. Defendant does not contest this requirement. Because plaintiff's and the class members' claims arise out of the same allegedly unlawful conduct and both plaintiff and the class members' claims involve whether the letter violates sections §§ 1692e and g of the FDCPA, plaintiff has satisfied the typicality requirement.

    4.    Adequacy of Representation – Rule 23(a)(4)

To meet the adequacy of representation requirement, "the representative must be able to 'fairly and adequately protect the interests of the class.'" *Keele*, 149 F.3d at 594; Fed. R. Civ. P. 23(a)(4). Under Rule 23(a)(4), the adequacy of representation determination "is composed of two parts: 'the adequacy of the named plaintiff's counsel, and the adequacy of protecting the different, separate, and distinct interest' of the class members." *Retired Chicago Police Ass'n*, 7 F.3d at 598 (quotation omitted). Plaintiff asserts, and defendant does not dispute, that she has retained experienced counsel in litigating class actions, including FDCPA actions. Namely, David J. Philipps, and Mary E. Philipps of the law firm of Gomolinski & Philipps, Ltd. have represented consumers in class action litigation, and David Philipps has been appointed class counsel in several FDCPA class actions. The fact that attorneys have been found adequate in other cases "is persuasive evidence that they will be adequate again." *Gomez v. Illinois State Bd. of Ed.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987). The court finds that plaintiff has retained adequate counsel.

Defendant does, however, challenge plaintiff's adequacy as a class representative. A class member is generally considered adequate if she does not have conflicting or antagonistic claims with other members of the class and has a sufficient interest in the outcome to ensure vigorous advocacy. *Gammon v. GC Servs. Ltd. Partnership*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (citations omitted). The court should assure itself that plaintiff has "*some* commitment to the case, so that the 'representative' . . . is not a fictive concept." *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991). The court has reviewed defendant's arguments and the evidence and concludes that none of the concerns raised by defendant shows that plaintiff lacks commitment to the case or will not be an adequate class representative. That plaintiff attempted to settle her claim with defendant on an individual basis eight months *prior* to filing her class action complaint and, around the same time, listed her FDCPA claim on her bankruptcy petition as an individual claim (instead of a class claim), are not indicative of how she will be as a class representative. Moreover, there is no evidence that any alleged delay in filing the class action prejudiced potential class members due to the statute of limitations, such as persons declining to file an individual action in reliance on plaintiff filing a class action. Nor does her lack of knowledge of particular aspects of the litigation, such as the fact that she did not see a copy of the Rule 68 offer[3] and defendant's financial statement (in order to confirm the amount of a class recovery), or did not know that defendant had voluntarily withdrawn the letter, suggest she will not fairly represent the class. *Kamen v. Kemper Fin. Servs., Inc.*, 908 F.2d 1338, 1349 (7th Cir. 1990) (it is the norm for a named plaintiff to know little about the details of case and give

---

[3]Plaintiff's counsel informs the court that the Rule 68 offer was discussed with plaintiff and rejected by her. (*See* Pl.'s Reply to Mot. Class Cert. at 3-4, n.2).

9

counsel free rein), *rev'd on other grounds*, 500 U.S. 90 (1991). Likewise, plaintiff's inability to articulate in legal terms the type of damages she seeks will not defeat class certification. *See Eggleston* v. *Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981) ("[T]he class representative's role is limited" and a named plaintiff will not be deemed inadequate just because she did not understand her complaint and could not explain statements in it.). Plaintiff's deposition testimony indicates that she understands her claim and understands the general nature and purpose of the class litigation and her role in it. (Whitten Dep. 72-88). Therefore, plaintiff is an adequate class representative.

B.  Requirements of Rule 23(b)

Plaintiff seeks certification under 23(b)(3), which provides that a class can be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Defendant does not contend that questions of law or fact common to the members of the class do not predominate over any questions affecting only individual members. Defendant argues, however, that a class action is not a superior method of adjudication because defendant has voluntarily discontinued the use of the letter at issue and any class recovery will be *de minimis*. While discontinuance of this letter certainly achieves one of the objectives of plaintiff's class litigation, the deterrent value of a class action is not limited to the letter at issue; rather, the prospect of liability for significant attorneys' fees in class litigation, "provide[s] a substantial punishment which undoubtedly deters *similar* conduct." *Sanders* v. *Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000) (emphasis added) (citation omitted). A class action also helps to ensure that other persons

whose rights have allegedly been violated by the same or similar letter will become aware of their rights. *See Mace* v. *Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) (Although an individual plaintiff is entitled to seek up to $1,000 under FDCPA, "this assumes that the plaintiff will be aware of her rights, willing to subject herself to the burdens of suing and able to find an attorney willing to take her case."). Moreover, that a putative class member could potentially only recover a minimal amount[4] in a class suit is not determinative, *see id.* (noting, in *dicta*, the prospect of a mere 28 cents recovery per class member and stating that a "*de minimis* recovery (in monetary terms) should not automatically bar a class action"), particularly where, as here, "individual class members are offered the right and opportunity to opt out of the class action[.]" *Id.* at 344-45. Should any one of the putative class members consider the recovery insufficient to compensate them for their injury, they are entitled under Rule 23(b)(3) and (c)(2) to opt-out of the class and bring their own action. Recognizing, however, that most will not have the incentive to bring an individual claim due to the prospect of a small recovery, the class action does provide a judicially efficient mechanism for adjudicating their claims. *Id.* at 344 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor."); *Peters* v. *AT & T*, 179 F.R.D. 564, 568 (N.D. Ill. 1998) ("A class action ensures that the plaintiffs' rights are vindicated and promotes judicial efficiency by adjudicating thousands of potential suits in one action.").

---

[4]Under the FDCPA, the named plaintiff is entitled to up to $1,000 and class recovery is capped at the lesser of $500,000 or 1% of defendant's net worth. 15 U.S.C. § 1692k(a)(2)(B). According to defendant, its net worth is approximately $159,305, which would mean a maximum recovery for the class of less than $1,600. In light of this figure, however the class is defined, the per member recovery will be minimal.

11

Therefore, the court finds that a class action is a superior method of adjudicating plaintiff's claim. Because plaintiff has satisfied the requirements of Rule 23(a) and (b), the court grants plaintiff's motion for class certification.

## II. MOTION TO STRIKE AND MOTION TO DISMISS

After plaintiff moved for class certification, defendant made a Rule 68 offer of judgment for the $1,000 individual statutory maximum amount plaintiff would have been entitled under her complaint, and for costs and reasonable attorneys fees. Rule 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. . . . The fact that an offer is made but not accepted does not preclude a subsequent offer. . . .

Fed. R. Civ. P. 68. Plaintiff moved to strike defendant's offer of judgment as inapplicable because there was pending motion for class certification. Defendant countered with a motion to dismiss plaintiff's class action complaint as moot in light of its Rule 68 offer. The general rule is that when a plaintiff is offered the total amount she would be entitled to recover, she no longer has a stake in the litigation – her case is moot – and the court must dismiss for lack of jurisdiction. *See Rand*, 926 F.2d at 598 ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, . . . and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.") (citations omitted). However, "where the plaintiff attempts to represent a class," the mootness requirements are different. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir.

12

1994). As the Seventh Circuit explained in *Holstein*, "If the district court has certified the class before the expiration of plaintiff's claims, mootness is avoided." *Id.* (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). In *Holstein*, the court found that the plaintiff's claim was mooted by the defendant's offer of all damages due plaintiff because "the district court did not certify the class; indeed, [plaintiff] did not even move for class certification prior to the evaporation of his personal stake." *Id.* In a subsequent case, *Greisz v. Household Bank, (Illinois), N.A.*, the Seventh Circuit, in *dicta*, indicated that the seeking of class certification is a pivotal point because that is the time when "the existence of other potential plaintiffs has been announced," 176 F.3d 1012, 1015 (7th Cir. 1999), and, "when there are many potential party plaintiff's to the suit, an offer to one is not an offer of the *entire* relief sought by the suit." *See id.* Recently, Judge Kocoras applied the reasoning in *Greisz* to the situation where a plaintiff made a motion for class certification *after* defendant had made a Rule 68 offer but *before* the 10 days in which to accept the Rule 68 offer had expired, and plaintiff moved to strike the offer of judgment. *See Kremnitzer v. Cabrera & Rephen, P.C.*, 209 F.R.D. 239, 2001 WL 910414, *4 (N.D. Ill. Aug. 10, 2001). He explained,

> [C]ertification of a class operates as a material change in the nature of the litigation which extinguishes a pending Rule 68 offer of judgment against a single plaintiff. As the Seventh Circuit observed, 'an offer to one is not an offer to of the *entire* relief sought by the suit.' *Greisz*, 176 F.3d at 1015. When certification transforms the single-plaintiff action into a class action, the 'adverse party' to whom the Rule 68 offer of judgment was addressed changes materially. Whereas that 'adverse party' consisted previously of a single plaintiff, it is now comprised of dozens, scores, or even hundreds of individuals. The amount of claimed damages likewise soars. In light of these material changes, the 'adverse party' to whom the Rule 68 offer of judgment was directed is not the same 'adverse party' that exists post-certification. Instead, that first 'adverse party' disappears, taking with it the Rule 68 offer of judgment that once pended against it.

*Id.* The court held that the plaintiff's motion for class certification, which clearly could not be

13

ruled on during the limited 10-day pendency of the Rule 68 offer was enough to at least "suspend the Rule 68 offer of judgment directed toward him, due to the possibility that the 'adverse party' would change materially upon certification." *Id.* at *5. Because the court had granted certification, it ruled that the offer of judgment was without force, and plaintiff's motion to strike was moot. *Id.*

Although the Seventh Circuit has yet to decide a case with the procedural posture of the case before this court (or of the type of case in *Kremnitzer*), the court concludes that under the reasoning of *Greisz*, and the rationale as explained by Judge Kocoras, defendant's Rule 68 offer to plaintiff does not operate to moot plaintiff's claim. The offer was made while the motion for class certification was pending. Today, the court grants that motion, and in so doing, the individual plaintiff "adverse party" is transformed into an "adverse party" class, and defendant's Rule 68 addressed to plaintiff individually loses its force.[5]

Defendant objects to this outcome arguing that the *Greisz* court was concerned only with situation where a defendant employs the Rule 68 offer in a repeated fashion to "buy off" the named representative, by offering more than the claim is worth, in an effort to hamstring the class suit. *See Greisz*, at 1015. However, the *Greisz* court did not expressly limit its rationale to this situation. Defendant also objects arguing that if the mere making of a motion for class certification is enough to avoid a Rule 68 offer, plaintiffs will "race to the courthouse" to file their motion prematurely without discovery just to avoid such an offer, and thus the only way to

---

[5]The only case relied upon by defendant with a procedural posture similar to this case considered the motion for class certification first, and then only after concluding that plaintiff could not satisfy the numerosity requirement did the court find that the Rule 68 offer served to deprive the court of jurisdiction. *See Wilner v. OSI Collection Servs., Inc.*, 198 F.R.D. 393, 395-97 (S.D.N.Y. 2001).

14

avoid manipulation of the process[6] is to establish a "bright line" rule that class certification must occur before the Rule 68 offer is made in order to prevent an individual claim from being mooted by a Rule 68 offer. Defendant's concerns are exaggerated. Rule 23 directs that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Fed. R. Civ. P. 23(c)(1). The decision to certify is undertaken on a case by case basis and the amount of discovery required to be completed before certification varies depending upon the factual circumstances of the case. *See, e.g., Morris v. Risk Management Alternatives, Inc.*, 2001 WL 395185, *3 (N.D. Ill. Apr. 17, 2001) (wherein this court noted the differences in the amount of discovery required between FDCPA and civil rights cases). In all cases, a court has an obligation to certify those cases that meet the requirements as set forth in Rule 23. In deciding the motion for class certification, the court had before it not only the class complaint, but also the motion for class certification and the defendant's response to the motion. In this case, defendant filed its response to the motion for class certification March 8, 2001, and by that time discovery had long been underway; indeed, in its response, *see* Def.'s Resp. to Mot. Class Cert. at 4 n.3, defendant provided a numerical estimate to plaintiff's initial discovery request from which this court could reasonably infer that the definition of the class in the motion for class certification satisfied the numerosity requirement. If any of the requirements for class certification were not met, the court would have

---

[6]Defendant contends that plaintiff manipulated the process because she served the complaint on defendant two days after plaintiff filed the motion for class certification so that defendant did not have the opportunity to make a Rule 68 offer, and served discovery requests before the requisite scheduling conference could be held. *See* Fed. R. Civ. P. 26(d) & (f); Local General Rule 26.1(a). While the court does not condone manipulation of the process, it appears from the briefs in this case that defendant was given the opportunity to settle with plaintiff on an individual basis long before she brought her class suit. Moreover, defendant was not without means to address any discovery request it considered improper. *See* Fed. R. Civ. P. 26(g)(2).

15

denied the motion as premature, regardless of whether defendant had made or would thereafter make a Rule 68 offer. Therefore, the court denies defendant's motion to dismiss, and denies as moot plaintiff's motion to strike the Rule 68 offer.

## CONCLUSION

Because plaintiff has satisfied the requirements of Rule 23(a) and Rule 23(b)(3), the court GRANTS plaintiff's motion for class certification [#2] as defined in the motion for class certification. The court DENIES defendant's motion to dismiss [#10], and DENIES as moot plaintiff's motion to strike defendant's Rule 68 offer of judgment [#7].

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: September 26, 2001