Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6080 | **DATE** | 5/23/2002 |
| **CASE TITLE** | Whitten vs. ARS National Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for summary judgment as to liability on plaintiff's § 1692g claim [39-1] is granted. Status hearing is set for 6/6/02 at 9:30 a.m. to, if possible, resolve the remaining issues (damages, etc.) short of trial (which is scheduled for 6/24/02).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 2 | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAY 24 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 5/23/2002 | |
| | | | | date mailed notice | |
| MD | courtroom deputy's initials | | | MD | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARILYN J. WHITTEN, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ARS National Services, Inc., ) a California corporation, ) ) Defendant. ) | No. 00 C 6080 <br><br> DOCKETED <br> MAY 2 4 2002 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marilyn J. Whitten ("Whitten"), filed this putative class action against defendant ARS National Services, Inc. ("ARS"), alleging that defendant's initial debt collection letter violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The court granted plaintiff's motion for class certification on September 26, 2001. Presently before the court is plaintiff's motion for summary judgment as to liability. This court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331. As set forth herein, the court grants plaintiff's motion.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary

judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.*, 477 U.S. at 324, 106 S. Ct. at 2553; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-599. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**FACTS**

ARS is a California corporation that, through its Associated Recovery Systems Division, acts as a debt collector as defined by § 1692a of the FDCPA because it regularly uses the mails to collect, or attempt to collect, consumer debts in the Northern District of Illinois. Whitten is a citizen of Illinois residing in the Northern District of Illinois from whom ARS attempted to collect a consumer debt allegedly owed to Citibank. ARS sent Whitten an initial form debt collection letter, dated December 10, 1999, regarding $6,630.35 allegedly owed to Citibank, which states as follows:

Dear Sir/Madam:

This account has been placed with our office for collection. If paid in full to this office, all collection activity will be stopped.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment

2

and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Suitable dispute documentation could include the following:

- A copy of the front and back of the processed payment
- A final billing statement (with the original account number referenced) showing a zero balance
- A dated letter from the original creditor advising the balance is zero
- A letter from the original creditor or credit bureau agency stating the debt has been removed from their records
- A letter from the original creditor stating the dispute was resolved in your favor
- Legal document(s) providing a discharged bankruptcy

You may contact us Monday through Thursday from 7:00 a.m. to 8:00 p.m. and Friday from 7:00 a.m. to 5:30 p.m. P.S.T.

(Pl.'s 56.1 Statement ¶ 5 and Ex. A and Def.'s Resp. thereto.) Whitten's complaint contends that the letter's use of the phrase "suitable dispute documentation" renders ineffective the statutorily required validation notice of § 1692g and is false, deceptive or misleading in violation of § 1692e.[1]

## DISCUSSION

"The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices.... In the most general terms, the FDCPA prohibits a debt collector from using certain enumerated collection methods in its effort to collect a 'debt' from a consumer." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997). The FDCPA requires that debt collectors advise the consumers, whose debts they seek to collect, of specified rights. The relevant FDCPA provision at issue here, section 1692g, requires a validation notice.

---

[1] Although plaintiff referred to § 1692e in her complaint, she argued in her summary judgment motion that the "only matter at issue is whether the language in Defendant's initial collection letter violated Section 1692g of the FDCPA." (Mot. for Summ. J. and accompanying Memorandum, at 2.) Plaintiff also did not set forth the standard for a § 1692e claim in her summary judgment memorandum or cite to authority for why summary judgment should be granted on this claim. Thus, the court's opinion addresses only her § 1692g claim.

Specifically,

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g. If the consumer notifies the debt collector within the thirty-day period that the debt is disputed, the collector must cease collection of the debt (or the disputed portion) until the requested verification or identity of the original creditor is mailed to the consumer. 15 U.S.C. § 1692g(b); *see also Chauncey* v. *JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997).

Notice of the § 1692g information must be effective, and the debt collector may not couch that information in such a way as to eviscerate it, or "overshadow or contradict that information with other messages sent with the validation notice or within the validation period." *Chauncey*, 118 F.3d

at 518 (citing *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996)). A letter that is confusing to the unsophisticated consumer violates the statute and "the unsophisticated consumer is to be protected against confusion whatever form it takes." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). The "unsophisticated consumer" represents the hypothetical consumer whose reasonable perceptions are used to determine if collection letters are confusing. *See Gammon v. GC Serv. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). Because the "unsophisticated consumer" standard contains a reasonableness element, debt collectors are shielded from unrealistic or peculiar interpretations of collection letters. *Id.*

There are several ways in which a debt-collection letter can be confusing. As noted, *supra*, language that contradicts or is logically inconsistent with the required statutory notice (that is, a representation denying the consumer right the letter is required to disclose) is one means of showing confusion, as is a letter that overshadows the statutory notice. "Overshadowing" might occur where, although the required notice is not contradicted, it is obscured, for example, because the notice is in smaller or fainter print than the demand for payment. *Bartlett*, 128 F.3d at 500. The most typical cases, however, involve a letter which fails to explain an "apparent though not actual contradiction." *Id.*; *see also Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

Although the question of whether a letter violates the FDCPA does not require evidence that the recipient *was* confused, the issue of confusion (or "confusingness") is for the district judge to decide, subject to review for clear error. *Bartlett*, 128 F.3d at 501; *see also Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999) ("Whether a given message is confusing is . . . a question of fact[.]"). Where a letter might give rise to confusion because of an apparently (but not internally) contradictory message, such that a judge, who is a legally sophisticated reader could

5

deduce the message, the judge might need to receive evidence as to how the unsophisticated reader "whose formal education ended after sixth grade" reacts to the letter. *Johnson*, 169 F.3d at 1060. Such evidence could include surveys to measure confusion as in trademark cases. *Id.* On the other hand, where a contradiction or inconsistency, and thus confusion, is patent on the face of the letter, summary judgment is appropriate for the plaintiff. *See Chauncey*, 118 F.3d at 519 (affirming grant of summary judgment for plaintiff consumer where letter requested payment in full within thirty days, contradicting rights under FDCPA by which consumer has thirty days to dispute debt and request verification); *Matthews v. First Revenue Assurance, L.L.C.*, No. 00 C 3711, 2001 WL 864272 (N.D. Ill. July 31, 2001) (Kennelly, J.) (granting summary judgment to plaintiff because letter demanding payment "today" contradicted plaintiff's statutory right to thirty days to dispute the validity of the debt); *cf. Bartlett*, 128 F.3d at 501 (reversing judgment for defendant and remanding for judgment for plaintiff where letter provided that if consumer fails to pay within one week he would be sued but also gave consumer thirty days to dispute the debt; court stated "we found it [confusing], and do not think of ourselves as the average unsophisticated consumer").

Plaintiff contends she is entitled to summary judgment because defendant's collection letter on its face impermissibly imposes a requirement that she submit "suitable dispute documentation" to dispute a debt in contradiction to the plain language of the statute, which makes no such requirement. The court agrees. The plain language of § 1692g(a) requires only that the consumer notify the debt collector within thirty days that the debt, or any portion thereof, is disputed. There is no requirement that the consumer include with her notification any type of documentation, let alone "suitable" documentation, to dispute the debt. Indeed, such a requirement is akin to requiring a "valid" reason to dispute the debt, which other courts have held is not part of the FDCPA's

6

requirements. *See DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001) ("The consumer's right to take the position, at least initially, that the debt is disputed does not depend on whether the consumer has a valid reason not to pay."); *Frey v. Satter, Beyer & Spires*, No. 98 C 3957, 1999 WL 301650 *5 (N.D. Ill. May 3, 1999) (Manning, J.) ("a requirement to specify the nature of the dispute is not required under 1692g(a)(3)").

Defendant's response that the letter is not contradictory because it does not demand that documentation be submitted but merely suggests what kind of documentation might be helpful in order to facilitate an investigation into the dispute is unpersuasive. The inclusion of the phrase "suitable dispute documentation" sends the message that the only way to dispute a debt is if there is a certain "acceptable" type of documentation (even if it is not one of the six listed) and, thus, the consumer is left with a predicament of foregoing her right to dispute a debt if she does not have "suitable documentation" either of the kind listed or of some other "suitable" nature.[2] Because she is not required to have "suitable documentation" when she notifies the debt collector she disputes the debt, but the letter, nevertheless, sends this message, it is contradictory and inconsistent with the required message of the FDCPA.[3]

Indeed, a court in the Southern District of New York already ruled that a similar letter sent by defendant to a different plaintiff violated the FDCPA validation notice provision. *See Castro v. ARS Nat'l Serv., Inc.*, No. 99 C 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000) (granting judgment

---

[2] The types of documents listed go toward showing that there is no debt, the debt was discharged, or a dispute with the creditor was resolved in the consumer's favor. However, as the Second Circuit pointed out, the consumer may merely "not recognize the name of the creditor, may not know whether she incurred the debt, may have a question whether the debt (or part of it) has been paid, or may be unaware of the amount." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001).

[3] The court bases its finding on the internally contradictory message of the letter itself and not on plaintiff's own testimony or that of ARS's Chief Operating Officer, Jason Howerton.

on the pleadings to plaintiff stating "the letter's reference to 'suitable documentation' suggests that certain documentation may be deemed 'unsuitable' by the collection agency. Section 1692(a)(3) does not require debtors to provide documentation of any specific or 'suitable' kind when they seek to contest the validity of a debt. . . . In other words, a letter stating 'I dispute the debt' would suffice."). While the court declines plaintiff's request to apply *Castro* as a matter of offensive collateral estoppel since *Castro* was decided under a different legal standard – the "least sophisticated consumer" – the court concludes that *Castro* is persuasive. Even under the Seventh Circuit's "unsophisticated consumer" standard, the letter at issue in the instant case is contradictory for the reasons explained above, which are iterated in the *Castro* opinion as well.[4] The court, therefore, grants summary judgment to plaintiff as to liability on her § 1692g claim.

## CONCLUSION

For the reasons explained above, the court grants plaintiff's motion for summary judgment as to liability on plaintiff's § 1692g claim [#39]. A status hearing is set for June 6, 2002 to, if possible, resolve the remaining issues (damages, etc.) short of trial (which is scheduled for June 24, 2002).

ENTER: _____
United States District Judge

Date: May 23, 2002

---

[4] Although the letter in *Castro* stated "suitable dispute documentation includes," whereas the letter at issue in the instant case stated "suitable dispute documentation *could* include," the use of the word "could" is a difference without a distinction. Even with the word "could" the phrase still implies that "suitable" documentation is required even if not from the list.

8