Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6080 | **DATE** | 6/17/2002 |
| **CASE TITLE** | Whitten vs. ARS National Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendant's motion to reconsider the Court's Memorandum and Opinion of May 23, 2002 [47-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 2 |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | JUN 18 2002 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 6/17/2002 |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice MD mailing deputy initials |

Document Number 49

DOCKETED
JUN 1 8 2002

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARILYN J. WHITTEN, individually and on )
behalf of all others similarly situated, )
)
Plaintiff, )
)
v. ) No. 00 C 6080
)
ARS National Services, Inc., )
a California corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant, ARS National Services, Inc. ("ARS"), has filed a motion to reconsider the court's Memorandum and Order ("opinion") of May 23, 2002 granting plaintiff's motion for summary judgment on the issue of liability under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g. A motion for reconsideration serves the limited function to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). The motion also serves a valuable function where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted).

Defendant does not specify the grounds for reconsideration, but it appears that defendant believes the court made a manifest error of law or fact. Defendant suggests that like the district courts that were reversed in *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057 (7th Cir. 1999),

*Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999) and *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323 (7th Cir. 2000), this court chose one interpretation of the letter at issue over another based on "nothing but the Court's own view of the letter," and that the court "should have required plaintiff to come forward with some evidence [other than the letter itself] showing that the 'unsophisticated consumer' would have been confused, and then put it to the jury to decide." (Mot. to Reconsider, at 1-3.) Defendant claims that because the "FDCPA merely confers the right to *make* a dispute, not to *prevail* on it, and does not prohibit the collector from requesting 'suitable documentation' in the course of investigating a dispute," it is "just as likely that the consumer would understand the message [of the letter] to be that he stood a better chance of *prevailing* on his dispute if he could produce such documentation, rather than that he needed it in order to merely *lodge* the dispute," the latter being "the inference that the Court drew from the letter[.]" (*Id.* at 2.) (Emphasis in original.)

Having reviewed the cases again, the court denies defendant's motion, but provides the following additional opinion to clarify any misunderstanding regarding how it reached its conclusion. While the Seventh Circuit cases are clear that the issue of confusion is one of fact, they are less clear as to whether it is a fact question for the judge or jury. This court cited to Judge Posner's recitation of the standard from *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997), that the issue of confusion (or "confusingness")[1] is for the judge to decide. In any event, whether the question of confusion is for the judge or the jury, this court understands, and set forth in its prior opinion, that the issue of confusion is a question of fact and cited to *Bartlett* to

---

[1] Although *Bartlett* stated that the issue is more precisely referred to as one of "confusingness," the court refers to it as "confusion" throughout, as most cases have.

2

highlight that point.[2] (*See* Mem. Op. at 5.) Moreover, this court set out in its opinion the three ways that the Seventh Circuit has recognized that plaintiff can establish that a debt collection letter is confusing: an actual contradiction, *i.e.* language that directly denies a statutory right; language that overshadows the statutory language; or language that gives rise to an apparent though not actual contradiction. *See id.* (citing cases).

The issue raised by defendant's motion really appears to be whether the Seventh Circuit's cases involving the third type of confusion – apparent though not actual contradiction – can be reconciled. Cases such as *Chauncey* v. *JDR Recovery Corp.*, 118 F.3d 516, 519 (7th Cir. 1997), *Avila* v. *Rubin*, 84 F.3d 222, 227 (7th Cir. 1996), and *Bartlett*, 128 F.3d at 501, which the court relied upon in its opinion, affirmed summary judgment for plaintiff or granted judgment for plaintiff on the issue of confusion on the face of the letter without requiring additional evidence or a trial. The letters in these cases set forth the required statutory notice that the debtor had 30 days in which to dispute the debt, but also added additional language. In *Avila*, the additional language stated,

> [i]f the above does not apply to you, we shall expect payment or arrangement for payment within ten (10) days from the date of this letter. If payment is not received, a civil suit may be initiated against you . . . .

*Avila*, 84 F.3d at 225. In *Chauncey*, the additional language stated,

> Unless we receive a check or money order for the balance, in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made.

*Chauncey*, 118 F.3d at 518. In *Bartlett*, the additional language stated,

---

[2] The court did not mean to suggest that it was deciding the issue on a bench trial and to the extent its reference to *Bartlett* suggests this, it is to be read in light of this clarification.

3

> 'if you wish to resolve this matter before legal action is commenced, you must do one of two things within one week of the date of this letter': pay $316 toward the satisfaction of the debt, or get in touch with Micard (the creditor) 'and make suitable arrangements for payment.'

*Bartlett*, 128 F.3d at 498. As explained by Judge Posner in *Bartlett*, language demanding payment within 30 days (which is the case with each of the above letters) is not necessarily inconsistent with statutory rights because a debt collector is entitled to demand payment of the debt and file a lawsuit to collect. *Id.* at 500-01. However, the statute also gives the debtor the right to dispute the debt within that 30 days, and if he does so, the debt collector is required to suspend its efforts to collect (through litigation or otherwise) until the debt collector mails verification to the debtor as required by the statute. *Id.* at 502 (citing 15 U.S.C. § 1692g(b)). When these two rights, however, are juxtaposed without explanation, such as in *Bartlett*, the letter is as bad as an outright contradiction, as explained by Judge Posner:

> On the one hand, [the] letter tells the debtor that if he doesn't pay within a week he's going to be sued. On the other hand, it tells him that he can contest the debt within thirty days. This leaves up in the air what happens if he is sued on the eighth day, say, and disputes the debt on the tenth day. He might well wonder what good it would do him to dispute the debt if he can't stave off a lawsuit. The net effect of the juxtaposition of the one-week and thirty-day crucial periods is to turn the required disclosure into legal gibberish. That's as bad as an outright contradiction.

*Id.* at 501. The *Chauncey* and *Avila* courts reached similar conclusions. *Chauncey*, 118 F.3d at 518-19 (Additional language regarding payment in full within 30 days "contradicts the language in the letter explaining the plaintiff's validation rights under the FDCPA, which allows plaintiff 30 days in which to dispute the debt and request verification."); *Avila*, 84 F.3d at 226 (Additional language regarding payment in ten days was "entirely inconsistent, and a failure to comply, with the FDCPA" and "clearly overshadowed" validation notice.); *see also Matthews v. First Revenue*

4

*Assurance, L.L.C.*, No. 00 C 3711, 2001 WL 864272 at *4 (N.D. Ill. July 31, 2001). (Additional language asking debtor to pay "today" was "entirely inconsistent" with required validation notice.).

In none of these cases, however, did the courts require evidence of confusion other than the letter itself. Why not? In *Bartlett*, the Seventh Circuit suggested the reason was because its other cases left no room to doubt that this type of language was confusing, presumably referring to similar cases of *Chauncey* and *Avila* that came before it, and also because the language was confusing to the judges themselves. *Bartlett*, 128 F.3d at 501 ("The cases . . . leave no room to doubt that the letter to [plaintiff] was confusing; nor as an original matter could we doubt that it was confusing–we found it so, and do not like to think of ourselves as your average unsophisticated consumer."). In *Avila*, the Seventh Circuit suggested that although confusion (as in trademark cases) may require additional evidence where there are literally true statements with the potential to mislead consumers, the language in the collection letter was akin to a literally false statement in trademark law in which case the "court may grant relief without reference to the reaction of the buyers or consumers of the product." *Avila*, 84 F.3d at 227. Thus, the *Avila* court did not require evidence of "actual consumer confusion." *Id.*

On the other hand, the Seventh Circuit in the cases relied upon by defendant, *Johnson*, *Walker* and *Marshall-Mosby*, reversed grants of dismissals in favor of defendant and would have found a factual question for trial regarding the issue of confusion. In *Johnson* (which involved appeals from two different courts on two different letters) the letters set forth the statutory notice, *i.e.* that the debtor has 30 days in which to dispute the debt, and then added additional language. In one letter, the additional language stated,

5

> [i]f you fail to make prompt payment we will have no alternative but to proceed with collection, which may include referring this account for legal action or reporting this delinquency to the credit bureau.
> Should you wish to discuss this matter, contact our office . . . .

and the in the other,

> [t]he above account has been placed with our firm for payment in full. Call our office immediately upon receipt of this letter. . . .

*Johnson*, 169 F.3d at 1059. In *Walker*, the letter added the following language:

> Your past-due account . . . has been placed with our company for immediate collection. Failure to respond may result in further collection activity and possible legal action.

*Walker*, 200 F.3d at 502. The letter in *Marshall-Mosby* contained language similar to that in *Walker*. *See Marshall-Mosby*, 205 F.3d at 325.

The district courts in *Johnson, Walker* and *Marshall-Mosby* looked at the letters, concluded that the language did not violate the FDCPA and dismissed the cases in favor of defendant, essentially determining that it would have been impossible for plaintiff to establish that the "unsophisticated consumer" would have been confused by the letters. In all three cases, the Seventh Circuit reversed, stressing that the issue of confusion was one of fact, not law, that at the pleading stage a plaintiff need only allege that a debt collection letter is confusing, and if the judge can imagine any possible set of facts which could give rise to confusion to the unsophisticated consumer, he must allow plaintiff an opportunity to prove her case, proof being evidence that would show an unacceptable increase in the level of confusion, such as through survey evidence (as in trademark law). *See Johnson*, 169 F.3d at 1060; *Walker*, 200 F.3d at 501-02; *Marshall-Mosby*, 205 F.3d at 326.

6

Judge Easterbrook in *Walker*, explained that the additional language in the letters in *Johnson*, though not necessarily at odds with the statutory rights, "was potentially confusing" in that they did not attempt to explain how a demand for "prompt" or "immediate" action could be reconciled with the debtor's right to dispute the debt within 30 days. *Walker*, 200 F.3d at 502. He also iterated that "what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after the sixth grade." *Id.* at 501. Thus, "[t]o learn how an unsophisticated reader reacts to a letter, the judge [who is not a good proxy for the unsophisticated consumer] may need to receive evidence." *Id.* (citing *Johnson*, 169 F.3d at 1060). Moreover, the *Walker* and *Johnson* courts both concluded that "[i]f all the plaintiffs have to go on is the language of these letters, they must lose in the end." *Id.* at 504; *Johnson*, 169 F.3d at 1060. In other words, it would not have been appropriate to grant summary judgment *to plaintiffs* in those cases on the letter itself. Indeed, *Walker* suggested that if the letters were the *only* evidence proffered by plaintiffs, judgment on the pleadings or summary judgment would have been appropriate *for defendants*. *Id.* at 503 (emphases added.)

If *Chauncey*, *Avila*, and *Bartlett* remain good law, and this court believes that to be the case (the Seventh Circuit has not overruled *Chauncey*, *Avila* or *Bartlett*, nor suggested that its more recent holdings would have changed the outcomes in these cases), then the question is whether the letter at issue in the instant case is more akin to an outright contradiction in *Chauncey*, *Avila* or *Bartlett* or merely a potentially confusing letter on which additional evidence of confusion is required. Applying the objective "unsophisticated consumer" standard, which embodies an element of reasonableness, this court concluded, and still does, that the additional phrase "suitable dispute documentation could include . . . " and attendant list, juxtaposed with the

7

statutory right to dispute a debt within 30 days, creates more than the mere potential for confusion and is as bad as an outright contradiction or inconsistency.[3] Notably, the only other reference to the word "dispute" in the preceding paragraph is to the consumer's statutory right to dispute a debt within 30 days, which does not require "dispute documentation."

Nonetheless, defendant claims that an unsophisticated consumer would somehow be able to figure out that the "dispute documentation" language applies only to an unelaborated right of the debt collector to require such documentation *during its investigation* (assuming there is such a right) and not to dispute the debt initially. However, just as in *Bartlett*, where language telling the debtor he may dispute a debt within 30 days but that he must pay within a week, "leaves up in the air what happens if he is sued on the eighth day, say, and dispute the debt on the tenth day," 128 F.3d at 501, defendant's letter in the instant case telling a debtor she can dispute a debt but then telling her "suitable dispute documentation could include" and listing types of documentation, leaves up in the air what happens if a debtor desires to dispute the debt within 30 days but does not have "suitable dispute documentation."

Unlike *Johnson*, *Walker* and *Marshall-Mosby*, where there was at least a chance that an unsophisticated consumer could figure out the relationship between the two rights on the face of the letter, *i.e.* the letter was only potentially confusing without further explanation – and certainly the judge could – here the court does not think any objectively reasonable reading of the language would permit an unsophisticated consumer to arrive at defendant's interpretation without further

---

[3]This court used the phrase "patent" or "on the face of the letter" to describe this kind of contradiction, *see* Mem. Op. at 6, terms also used by the district court in *Matthews*, 2001 WL 864272, at **2-3.

8

explanatory language.[4] Indeed, this is one of those cases where a judge could say, as in *Bartlett*, that "as an original matter [there is no] doubt that it was confusing–we found it so, and do not like to think of ourselves as your average unsophisticated consumer."[5] *Bartlett*, 28 F.3d at 501. Thus, as in *Chauncey, Avila* and *Bartlett*, this court did not consider it necessary to require plaintiff to put on additional evidence of actual consumer confusion.[6] Therefore, the motion is denied.

Date: June 17, 2002          Enter: *Joan H. Lefkow*
                                    JOAN HUMPHREY LEFKOW
                                    United States District Judge

---

[4]Defendant's own interpretation underwent elaboration from the motion for summary judgment papers to the motion for reconsideration.

[5]Defendant suggests that the only type of contradiction for which the court could have granted summary judgment to plaintiff would have been an explicit denial of the consumer's right, *i.e.* if the letter had said "You CANNOT dispute the debt without the following documentation." (Mot. to Reconsider, at 2.) However, that certainly was not the case in *Chauncey, Avila* and *Bartlett*, which did not involve an outright denial of a right, but rather an apparent contradiction that was as bad as an outright denial.

[6]Defendant also relies on *Pettit v. Retrieval Masters Creditors Bureau*, 211 F.3d 1057 (7th Cir. 2000). In that opinion, the Seventh Circuit noted that the district court had held that the language of the letter "*would not* dupe the unsophisticated debtor into believing that [defendant] was a credit bureau" in violation of FDCPA, 15 U.S.C. § 1692e(16), in that the letter did

> . . . not suffer from the usual defects which result in FDCPA liability. For instance, it does not contain an explicit statement that [defendant] is a credit bureau. There are not inconsistent or contradictory assertions concerning [defendant's] status with respect to being a credit bureau or a collection agency, and the letter does not bury or overshadow its identification of [defendant] as a collection agency with a suggestion that it is a credit bureau.

*Pettit*, 211 F.3d at 1061 (citing *Pettit v. Retrieval Masters Creditors Bureau*, 42 F. Supp.2d 797, 810 (N.D. Ill. 1999) (emphasis added)). The Seventh Circuit agreed and further held that the fact that plaintiff could come up with some explanation, however irrational, that the unsophisticated consumer would be confused, was not enough to get to trial, nor was her own self-serving testimony. Rather, plaintiff needed additional evidence of consumer confusion. *See id.* at 1061-62.

This court does not consider *Pettit* supportive of defendant's position. Unlike the letter in *Pettit*, the letter in the instant case *does* suffer from at least one of the usual defects of FDCPA liability, namely, a contradictory assertion as in *Chauncey, Avila* and *Bartlett*, which was enough to grant summary judgment for plaintiff. It would seem that in such a case in order to create an issue of fact for trial, defendant, as the nonmovant, would have to come forward with some evidence other than its own (or its attorneys') speculation that the "unsophisticated consumer" does not think it confusing, which it did not do.